## KERR v BRUSH

Ohio Appeals, 2nd Dist, Montgomery Co

No 1116.   Decided June 2, 1932

C. R. Curtner, Dayton, for plaintiff in error.

J. W. Sharts, Dayton, for defendant in error.

KUNKLE, J.

The verdict was rendered April 18, 1929; the judgment entry was filed April 22, 1929. No motion for new trial was filed until August 13, 1929.   We will assume for the

purposes of this case that the motion for new trial was filed under circumstances which justified the lower court in considering the same, namely, that under the provisions of §11578 GC the plaintiff in error was unavoidably prevented from filing the same within three days after the judgment was rendered. This assumption may not be warranted as on April 25, 1929 an execution was issued against plaintiff in error and the return thereon shows that no goods were found. There may be a presumption that when an execution was issued against plaintiff in error that he then had knowledge of the judgment but as above stated, we will assume that the motion was filed under such circumstances as warranted the trial court in considering the same.

The motion for new trial so filed was as follows:

"Now comes the defendant and respectfully moves that the court grant a new trial in the above entitled cause for the following reasons, to-wit,

(1) The verdict was contrary to law and the evidence.

(2) The verdict is not sustained by sufficient evidence.

(3) The amount of recovery is excessive and appears to have been given under the influence of passion and prejudice.

(4) That said verdict was obtained by means of fraud.

(5) Other errors of the law occurred at the trial of said cause prejudicial to the rights of this defendant by which the defendant was prevented from having a fair trial."

A hearing was had upon this motion by the trial court on November 20, 1931. The questions now presented by counsel for plaintiff in error cannot fall under any of the grounds of the motion for a new trial unless it be the fourth ground thereof. The other four grounds of the motion for a new trial clearly relate to legal questions raised during the original trial and to the amount of the verdict. We have read the entire record in this case with unusual care for the purpose of determining what transpired. The testimony in the original hearing together with the proceedings had on the motion for a new trial are set forth in detail in a bill of exceptions. The motion for a new trial was the only matter before the court on November 20, 1931. The testimony at the original hearing was brief and while we think the verdict as returned by the jury is quite liberal, yet we would not be prepared to say that it was so excessive as to suggest passion or prejudice.

We find no error in the trial court in reference to the admission or rejection of testimony which we consider prejudicial. No testimony was offered by the defendant. We think the jury was warranted in returning a verdict for some amount in favor of defendant in error.

The only question presented by the record relates to the conduct of the trial judge.

Was the plaintiff in error prevented from having a hearing at the time in question by reason of his own neglect or was he prevented from having such hearing by reason of the conduct or rulings of the trial court? We have also read that portion of the bill of exceptions relating to the hearing had before the trial court on November 20th.

We think in some respects the trial court was rather arbitrary with counsel who then appeared for plaintiff in error. Counsel who appear in this court and who appeared before Judge Price upon the hearing of the motion for a new trial had no connection with the case prior thereto. Was the trial court acting within his rights in dealing with this motion for a new trial in the manner in which he did?

The controversy relates to what transpired on the morning of the day of the original hearing of the case. Plaintiff in error then had an interview with Judge Price in the presence of Mr. McGregor, the assignment clerk. The plaintiff in error seems to have had the impression that his case was continued. The trial court in brief, was of opinion that the hearing of the case was merely postponed until another case which was then in progress was completed. This case was not completed until about noon of the day in question. After the completion of the first case the court called this case and in the absence of the plaintiff in error or his counsel and in the absence of Hulse proceeded with the hearing of the case. Hulse does not prosecute error. The trial court, as above stated, was of opinion that he merely postponed the hearing of the case until the completion of the other case and for the purpose of giving plaintiff in error an opportunity to get in touch with his then attorney or some other lawyer and when plaintiff in error failed to return or give his case any further attention the court proceeded with the trial.

Both the trial court and plaintiff in error agree that Mr. McGregor was present during the conversation in the morning and we regret that counsel have not properly

brought upon the record an affidavit of Mr. McGregor. We would have given his affidavit great consideration, as he would be to an extent a disinterested party. Plaintiff in error is an interested party. The trial court's version of what transpired between himself, plaintiff in error and Mr. McGregor is set forth in detail in the bill of exceptions. The affidavit · of ·plaintiff in error is attached to the bill of exceptions. It merely shows that plaintiff in error thought the case had been continued. Upon the hearing of the motion for a new trial counsel for plaintiff in error insisted upon introducing oral evidence. This the trial court refused to receive but advised counsel that he might file any· affidavits desired. The trial court was within its rights in this ruling. §11579 GC provides that:

"The application must be made by motion, upon written grounds, filed at the time of making the motion; the causes enumerated in subdivisions two, three and seven, hereinbefore enumerated, must be sustained by **affidavits or depositions**, showing their truth, and may be controverted by **affidavits or depositions** and for this purpose **depositions** may also be taken in the county where the action is pending."

No claim has been made that Mr. McGregor declined to make an affidavit but if he did then counsel for plaintiff in error had their remedy by taking his deposition.

Mr. McGregor extended to plaintiff in error the courtesy of driving out to his house the day before the case was assigned for hearing and notified him of such hearing. He was not required to do so. It was the duty of plaintiff in error to keep in touch with the progress made in his case.

Under the statute the plaintiff in error was not entitled to call witnesses upon this motion for a new trial.

In addition to the above the plaintiff in error was also in default in making an application for a continuance. Under the rule of the court he was required to file a motion for such continuance and support the same by affidavit. This was not done.

Upon careful review of the record, we would not feel warranted in holding that the trial court erred in overruling the motion for a new trial. The judgment will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.